

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 20, 2022**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| SNIPER SERVICES, LLC | § | CASE 22-41502-11 |
| | § | |
| DEBTOR | § | |

### ORDER PROVIDING FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION

CAME ON FOR CONSIDERATION by the Court at the confirmation hearing held on December 19, 2022, final approval of the Disclosure Statement (as defined below) and confirmation of the Debtor's Amended Plan of Reorganization dated December 15, 2022 [Docket No. 28], as modified by further amendments which have been incorporated into the Debtor's Amended Plan of Reorganization dated December 19, 2022 [Docket No. 36] (the "Plan"). The Debtor's original Plan of Reorganization dated November 1, 2022 [Docket No. 22] (the "Original Plan") was filed on November 4, 2022. The Disclosure Statement in relation thereto [Docket No. 21] (the "Disclosure Statement") was conditionally approved by

order entered on November 9, 2022 [Docket No. 25] (the "Disclosure Statement Order"), which also approved certain procedures and deadlines with respect to voting on and objecting to the Original Plan.  The Original Plan, Disclosure Statement, Disclosure Statement Order and Official Ballot (in the last case, to holders of claims in classes entitled to vote) were timely transmitted to all creditors, equity interest holders and parties-in-interest. An objection to confirmation was timely filed by Ford Motor Credit Company LLC. Having considered the Original Plan, the Disclosure Statement, the Plan, the evidence presented, and the arguments of counsel, and being advised that the objection to confirmation filed by Ford Motor Credit Company LLC has been resolved by the agreements reflected in the Plan, the Court concludes as follows:

1. The modifications made to the Original Plan as set forth within the Plan are not materially adverse to any class of impaired claims under the Original Plan; therefore, such modifications are consistent with 11 U.S.C. 1127, all votes cast in relation to the Original Plan shall apply with equal force to the Plan, and no additional notice or solicitation is required in relation to the Plan.

2. At least one Class of impaired claims has voted to accept the Plan.

3. The Plan complies with the applicable provisions of Title 11.  Additionally, the Debtor, as the plan proponent, has complied with the applicable provisions of Title 11 in relation to the Original Plan and the Plan.  In this regard, the Court finds, on a final basis, that the Disclosure Statement contains adequate information as required by 11 U.S.C. 1125 in relation to the Original Plan.

4. The Plan has been proposed in good faith and not by any means forbidden by law.

5. All payments made or promised to be made by the Debtor or any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been disclosed to the Court and are reasonable or, if to be fixed after Confirmation of the Plan, will be subject to the approval of the Court.

6. The identity, qualifications, and affiliations of the persons who are to serve the Debtor, after Confirmation of the Plan, have been fully disclosed, and the appointment of such persons to such offices, or their continuance therein, is equitable, and consistent with the interests of the creditors and equity security holders and with public policy.

7. The identity of any insider that will be employed or retained by the Debtor and his or her compensation has been fully disclosed.

8. The Plan does not affect any rate change of any regulatory commission with jurisdiction over the rights of the Debtor.

9. As to each impaired class of claims, each holder of a claim in such class has accepted the Plan or will receive value as of the Effective Date of the Plan that is not less than what such holder would receive if the Debtor were liquidated under chapter 7 of the Bankruptcy Code.

10. Allowed priority claims are treated under the Plan consistent with the obligations of 11 U.S.C. 1129(a)(9).

11. At least one class of impaired claims (Class 5) has voted to accept the Plan.

12. The Plan is not likely to be followed by further need for reorganization.

13. The Plan meets all requirements of 11 U.S.C. § 1129(a) except for 11 U.S.C § 1129(a)(8).

14. The Court finds the necessary elements under 11 U.S.C. § 1129(b) have been met in relation to each class of impaired claims that has not accepted the Plan for the reasons stated in open Court at the December 19, 2022 hearing, which are incorporated herein by reference.

It is accordingly,

ORDERED, ADJUDGED AND DECREED that the Disclosure Statement is approved on a final basis. It is further,

ORDERED, ADJUDGED AND DECREED that the modifications to the Original Plan embodied within the Plan are approved. It is further,

ORDERED, ADJUDGED AND DECREED the Plan is confirmed. It is further,

ORDERED, ADJUDGED AND DECREED this Order shall be effective immediately upon entry by the Court.

### END OF ORDER ###